**FEDERAL TRADE COMMISSION**

v.

**WORLD TRAVEL VACATION BROKERS, INC., et al.**

No. 87 C 8449.

United States District Court,
N.D. Illinois, E.D.

April 11, 1991.

Stephen L. Cohen, Ronald G. Isaac, Federal Trade Com'n, Washington, D.C., for plaintiff.

James S. Montana, Jr., John A. Dienner, III, Chicago, Ill., for defendant Scott Walker.

## ORDER

BUA, District Judge.

Alleging a violation of section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45(a), and the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, the Federal Trade Commission ("FTC") filed this lawsuit against World Travel Vacation Brokers, Inc. ("World Travel"), C–S–K Enterprises, Inc., and the principals of these two corporations, Scott Walker and Carol Walker. Specifically, the FTC accused defendants' travel agency of fraudulently advertising the cost of Hawaiian vacation packages. Pursuant to the alleged fraudulent scheme, defendants solicited consumers to purchase a $29 certificate redeemable for round trip airfare to Hawaii. This deal was specious. To take advantage of the certificate, the purchaser was required to make hotel reservations through World Travel (at World Travel's calculated hotel cost). Defendants ultimately charged consumers the full price of the airfare, though the advertisement for $29 airfare would seem to suggest otherwise. The cost of the airfare was simply built in to the calculated hotel cost.

Shortly after the FTC filed suit, this court issued a preliminary injunction, enjoining defendants from, *inter alia*, engaging in the deceptive advertising practices. That decision was affirmed on appeal. *FTC v. World Travel Vacation Brokers, Inc.*, 861 F.2d 1020 (7th Cir.1988).

This case continues to generate numerous motions. The latest episode in this protracted litigation involves the assessment of damages against defendant Scott Walker. On January 8, 1990, this court entered a default judgment against Walker. Walker failed to take the necessary steps to vacate the order. The FTC then submitted an affidavit of damages for prove-up of the default judgment. Walker now challenges the FTC's calculation of damages.

The FTC seeks damages on behalf of two classes of consumers: 1) all consumers who purchased World Travel certificates; and 2) all consumers who made deposits with World Travel, but did not take the Hawaiian vacation. In calculating its damage claim, the FTC relies on World Travel's financial statements. These statements reveal that World Travel sold approximately 688,498 certificates at a total price of $21,364,113. The financial statements further indicate that approximately 189,433 certificates were returned by customers, resulting in a total refund of $5,878,107. Subtracting the refund from the total sales, the FTC determined that the first class of consumers suffered damages in the amount of $15,486,006. With respect to the second class of consumers, the FTC derives its damage figure from World Travel's balance sheet, which shows that World Travel is holding $491,600 in customer deposits. Adding together the damages of both classes of consumers, the FTC arrives at a total damage figure of $15,977,606.

In response to the FTC's damage request, Walker argues that a damage award cannot be based on the total number of certificates sold because not every purchaser was deceived by World Travel's advertising or dissatisfied with the services rendered by World Travel. He urges the court to make a determination as to whether or not each particular certificate holder was actually deceived. But this court does

not have to tackle the Sisyphean task of individually examining the state of mind of the nearly 700,000 consumers who purchased a certificate. As the FTC correctly points out, the number of certificates sold provides an appropriate basis for awarding damages. The testimony elicited during the preliminary injunction hearing demonstrates that the $29 certificates were virtually worthless. The purchasers of the certificates were charged the full cost of the airfare and hotel accommodations. *See id.* at 1023. Defendants did not even deduct the price of the certificate from the total cost of the vacation package. While Walker boasts of World Travel's ability to procure discounted airfare and hotel rates, he does not make a single reference to the record in support of his position. Even if World Travel did acquire favorable rates, there is nothing to suggest that World Travel passed the lower rates on to its customers. World Travel's customers are therefore entitled to a refund.

Having previously entered judgment against Walker, the court grants the FTC's damage request in full. The FTC is hereby awarded damages in the amount of $15,977,606.